IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

v.                                                     No. 1:18-cv-1239-MV-JHR

ALISHA LUCERO, *Warden*,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## **MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Mr. Franklin's: *Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus* [Doc. 1] filed on December 28, 2018; *Motion for Respondents to Provide a Copy of D.N.M.L.R.* [Doc. 11], filed May 9, 2019; and *Request for Hearing* [Doc. 14], filed August 1, 2019. On November 21, 2018, United States District Judge Martha Vasquez referred the matter for recommended findings and final disposition to U.S. Magistrate Judge Jerry H. Ritter. [Doc. 4]. The determinative question in this case is whether declaratory and injunctive relief is available in a federal habeas action challenging step regression in the New Mexico Department of Corrections' four-step Predatory Behavior Management Program (PBMP). Having reviewed the parties' submissions and controlling law, I present these proposed findings and recommend that the Court deny the relief sought by Mr. Franklin.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Franklin is currently serving a term of life imprisonment plus 7 1/2 years after he was convicted of one count of first degree murder, contrary to NMSA 1978, Section 30-02-01(A)(1) (1994); one count of tampering with evidence, contrary to NMSA 1978, Section 30-22-05 (2003);

one count of conspiracy to tamper with evidence, contrary to NMSA 1978, Sections 30-22-05 and 30-28-2 (1979); and two counts of unlawful use or theft of an ATM or debit card, contrary to NMSA 1978, Section 58-16-16 (1990). [Doc. 12-1, pp. 8-11].

On May 8, 2017, Mr. Franklin was referred to PBMP for possessing documents deemed to be escape paraphernalia. [Doc. 12-1, pp. 73-74]. Mr. Franklin asserts that by September 29, 2017, he had completed step one of PBMP and was one week from completing step two, when he was "step regressed" to the beginning of step two for an alleged mail violation. [Doc. 1, pp. 1, 9; Doc. 12-1, p. 38]. According to Mr. Franklin, the step regression was implemented despite the absence of evidence to support the alleged mail violation and without a hearing or opportunity for Mr. Franklin to be heard on the matter and without the right to appeal. [Doc. 1, pp. 1, 9; Doc. 12-1, pp. 38-39]. Mr. Franklin further claims that the step regression added at least 90 days to his time in PMBP. [Doc. 1, pp. 1, 9; Doc. 12-1, pp. 38-39]. Importantly, the record does not reflect and Mr. Franklin does not allege that the step regression extended the length of his imprisonment.

On November 8, 2017, Mr. Franklin filed a Petition for Writ of Habeas Corpus in the state court claiming that the step regression violated his right to due process under the Fourteenth Amendment to the United States Constitution. [Doc. 12-1, pp. 36-49]. Mr. Franklin sought reversal of the step regression, restoration of privileges lost due to the step regression, and declaratory relief regarding the constitutionality of the PMBP step regression procedure. [Doc. 12-1, p. 50]. Mr. Franklin's state habeas petition was summarily dismissed on June 20, 2018. [Doc. 12-1, pp. 97-98].

Mr. Franklin filed his Petition Under § 2254 for Writ of Habeas Corpus in this Court on December 28, 2018. [Doc. 1]. After its initial review of the petition, the Court determined that the Petition should be construed under 28 U.S.C. § 2241 (2012), because Mr. Franklin was not

challenging the validity of his sentence. [Doc. 7]. A review of the full briefing on Mr. Franklin's federal habeas petition reveals that Mr. Franklin is seeking declaratory relief regarding the constitutionality of the process by which step regression in the PBMP is administered. [Doc. 1, p. 8; Doc. 13, pp. 3, 7]. Mr. Franklin also seeks an Order directing the New Mexico Department of Corrections "to establish step regression procedures that provide basic due process." [Doc. 1, p. 8].

**ANALYSIS**

The threshold issue raised by Mr. Franklin's habeas petition is whether declaratory and injunctive relief is available through a federal habeas corpus action where: a state prisoner challenges the process by which his progress through a multi-step administrative segregation program is delayed based on alleged program violations; the challenged process affords no right to prior notice, hearing, or appeal; and the delay extends the prisoner's placement in the program where he is subject to segregation from other prisoners, 23-hour per day lockdown, and other restrictions greater than the general prison population.

**Proper 28 U.S.C. § 2241 Challenges Address the Execution of a Sentence**

Under 28 U.S.C. § 2241, to obtain habeas corpus relief, an inmate must demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A habeas application under 28 U.S.C. § 2241 generally attacks the execution of a sentence rather than its validity." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017); *see Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009) ("[State prisoner's] § 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence."); *Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section [ ] 2241 is a vehicle for [a state prisoner] ... attacking the execution of

a sentence." (citations omitted)). "It challenges the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *Leatherwood*, 861 F.3d at 1041 (internal quotation marks and citation omitted).

**The Relief Sought by Mr. Franklin is Not Available Under § 2241 Since Mr. Franklin Does Not Challenge the Execution of His Sentence**

Although some challenges to prison disciplinary proceedings are properly brought under § 2241, *see McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997), others are not. Under prevailing Tenth Circuit law, "the types of claims cognizable under § 2241 are those in which an individual seeks either immediate release from, or a shortened period of, physical imprisonment, *i.e.*, placement on parole or in a parole-like custodial setting, or immediate release from, or a shortened period of, custody altogether." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n. 2 (10th Cir. 2012); *see also Boyce v. Ashcroft*, 251 F.3d 911, 914 ("Generally, because they contest the fact or duration of custody, prisoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus."), *vacated as moot*, 268 F.3d 953 (10th Cir. 2001); *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006) ("Although *Boyce* was vacated as moot on rehearing, we are persuaded by its reasoning.").

Mr. Franklin's petition alleges that he was regressed without prior notice, a hearing, or the right to appeal. [Doc. 1, pp. 1, 9; Doc. 12-1, pp. 38-39]. There is no indication that the challenged disciplinary action impacted Mr. Franklin's good-time credits or the duration of his imprisonment and Mr. Franklin does not seek the remedy of immediate release or a shortened period of confinement. [Doc. 1, p. 8; Doc. 13, pp. 3, 7]. Therefore, Mr. Franklin's claims cannot be characterized as challenges to the execution of his sentence. *See Leatherwood*, 861 F.3d at 1041 ("A habeas application under 28 U.S.C. § 2241 generally attacks the execution of a sentence rather

than its validity[,]…challenges the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.").

Accordingly, the relief sought by Mr. Franklin is not available under § 2241. *See Hall v. Williams*, 221 F.3d 1352 (10th Cir. 2000) (holding that a prisoner's challenge to his status in administrative segregation was not cognizable under § 2241).

**The Declaratory and Injunctive Relief Sought by Mr. Franklin is Available Under § 1983**

42 U.S.C. § 1983 (2012) provides a remedy for "[p]risoners who raise constitutional challenges to other prison decisions—including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, *e.g.* conditions of confinement." *Boyce*, 251 F.3d at 914 (recognizing that constitutional challenges to a prisoner's conditions of confinement "must proceed under Section 1983 or *Bivens* [*v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)]").

Therefore, where a prisoner challenges the conditions of confinement rather than the execution of his sentence, his challenge is properly characterized as a § 1983 claim. *See Requena v. Roberts*, 552 F. App'x 853, 856 (10th Cir. April 7, 2014) (unpublished) (holding that the inmate's claim, that he was denied the opportunity to present documentary evidence at the hearing that resulted in his placement in segregation, constituted a challenge to the process affecting only his conditions of confinement, and was therefore properly characterized as a § 1983 claim rather than a § 2241 habeas claim); *Palma-Salazar*, 677 F.3d at 1035 ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement ... must do so through civil rights lawsuits ... not through federal habeas proceedings." (omissions in original) (internal quotation marks and citation omitted).

Here, Mr. Franklin's constitutional challenge to a disciplinary action that allegedly increased the duration of his time in an administrative segregation program constitutes a challenge

to the conditions of his confinement, appropriately brought under § 1983. *See Boyce*, 251 F.3d at 914.

Further, the remedy sought by Mr. Franklin—declaratory and injunctive relief—is available through a § 1983 action. *See Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991) (recognizing that while "§ 1983 is not available when a state prisoner seeks a release from or reduction of confinement, it is available when a prisoner seeks (1) to challenge the conditions of his confinement or (2) a declaratory judgment as a predicate to (a) an award of money damages or (b) *prospective* injunctive relief.") (emphasis in original)).

**CONCLUSION**

For the foregoing reasons, I conclude that Mr. Franklin's claims are not cognizable under § 2241. Therefore, the I recommend that:

1. The *Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus* [Doc. 1] be DENIED and that a certificate of appealability be DENIED;

2. The *Request for Hearing* [Doc. 14] be DENIED;[1] and

3. The *Motion for Respondents to Provide a Copy of D.N.M.L.R.* [Doc. 11] be DENIED as moot.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

---

[1] Before issuing this PFRD, I considered whether an evidentiary hearing was necessary, as instructed by Rule 8(a) of the Rules Governing Section 2254 Cases for the United States District Courts. Because the outcome of this Motion turns on matters of law and its recommended disposition requires no further factual development, I concluded that no evidentiary hearing was necessary. I therefore recommend that Mr. Franklin's *Request for Hearing* [Doc. 14] be denied.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).
>
> **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**